IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RAYAN NAFA MOHAMED, | * |
| | * |
| Plaintiff, | * |
| v. | *   Civil No. SAG-23-2334 |
| | * |
| NEW BERN TRANSPORT CORPORATION, | * |
| | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Rayan Nafa Mohamed ("Plaintiff") filed an Amended Complaint against his former employer, New Bern Transport Corporation ("New Bern"), asserting various state law claims. ECF 14. New Bern has filed a Motion to Dismiss for failure to state a claim. ECF 18. This Court has reviewed that motion, along with the opposition and reply. ECF 24, 25. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, this Court will grant the motion.

### I.   FACTUAL BACKGROUND

The facts contained herein are derived from Plaintiff's Amended Complaint and taken in the light most favorable to Plaintiff as the non-moving party. Plaintiff began working as a delivery driver for New Bern on September 9, 2022. ECF 14 ¶ 5. On November 3, 2022, New Bern ordered Plaintiff to submit to a random drug test. *Id.* ¶ 6. Plaintiff completed a drug test at New Bern's onsite clinic, but because of technical issues that would not allow its evaluation, New Bern instructed Plaintiff to report to the Concentra urgent care center in Columbia, Maryland to take another drug test before 12:30 PM. *Id.* ¶¶ 7–11.

Because Plaintiff needed to pick up his stepdaughter at school, he went to a Concentra in Baltimore instead. *Id.* ¶ 12. He arrived there at 12:15 PM and completed a drug test. *Id.* ¶ 13. However, after Plaintiff delivered the chain of custody to New Bern, Plaintiff's supervisor called him at 2:58 PM and instructed him to go to the Concentra in Columbia for a drug test by 3:45 PM. *Id.* ¶¶ 16–18. At the time of the call, Plaintiff was off duty and was grocery shopping in Baltimore. *Id.* ¶¶ 19–20. He drove to Columbia but arrived at 4:02 PM, and Concentra turned him away because he had missed the 3:45 PM deadline. *Id.* ¶¶ 21–24. Plaintiff immediately called his supervisor, who said there was nothing he could do until the next day. *Id.* ¶ 25.

The next day, November 4, 2023, New Bern suspended Plaintiff for refusal to submit to a drug test. *Id.* ¶ 26. It terminated Plaintiff's employment on November 18, 2023. *Id.* ¶ 27. Thereafter, New Bern told some of its employees, and reported to the Federal Motor Carrier Safety Administration (FMCSA) Clearinghouse, that Plaintiff was terminated for refusing to take a drug test. *Id.* ¶¶ 27, 37, 44.

This lawsuit ensued. Plaintiff asserts claims for negligence, defamation, false light invasion of privacy, and constructive fraud. ECF 14.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom., McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions[.]" (quotation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556.

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d

435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

### III. ANALYSIS

#### A. Negligence

Plaintiff's first claim is negligence. In Maryland, the elements of a negligence claim are "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Chicago Title Ins. Co. v. Allfirst Bank*, 905 A.2d 366, 378 (Md. 2006) (quoting *Valentine v. On Target, Inc.*, 727 A.2d 947, 949 (Md. 1999). Maryland law defines "duty" as "an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." *Todd v. Mass. Transit Admin.,* 816 A.2d 930, 933–34 (Md. 2003) (quoting *Muthukumarana v. Montgomery Cnty.,* 805 A.2d 372, 395 (Md. 2002).

Plaintiff argues that New Bern's duty arose from 49 C.F.R. § 382.705(e), which required it to "report truthfully and accurately to the Clearinghouse" and prohibited it "from reporting information [it] knows or should know is false or inaccurate." 49 C.F.R. § 382.705(e). Plaintiff contends that "the violation of a statutory regulation is evidence of negligence, and if such

4

violation causes or contributes to the injuries complained of[,] it constitutes negligence." *Ford v Bradford,* 132 A.2d 488, 491–92 (Md. 1957). Even assuming that the regulation suffices to establish a duty owed to Plaintiff by New Bern, Plaintiff has not plausibly pled that New Bern provided false information to the FMCSA Clearinghouse by reporting "that the Plaintiff was terminated for refusing to take a drug test" or "that the Plaintiff refused to take a drug test." ECF 14 ¶¶ 27, 28. It is uncontroverted, in Plaintiff's version of events, that Plaintiff did not successfully complete any drug test at the Concentra in Columbia during the times prescribed by his employer. Instead, he took two other drug tests: one at New Bern's onsite location that was unable to process the test, and one at the Concentra in Baltimore, which was not the location that his employer instructed him to visit. The required drug test ordered by New Bern was not completed within the required reasonable time, as determined by the employer. Those facts establish a refusal to take the drug test ordered by New Bern under the applicable regulations, despite the other drug tests that Plaintiff took. *See* 49 C.F.R. § 40.191(a)(1) (defining refusal to take a drug test as failure to appear "for any test . . . within a reasonable time, as determined by the employer . . . after being directed to do so by the employer"); 49 C.F.R. § 382.305(l) (stating that employers must require that "each driver who is notified of selection for random . . . testing proceeds to the test site immediately").[1]

In other words, had New Bern reported to the Clearinghouse that Plaintiff refused to take any drug test on the date in question, that may have been a false representation. But reporting that he refused to take "a drug test"—specifically the test that New Bern told him to take during the time they allotted for him to take it—was accurate, assuming the truth of the facts that

---

[1] Of course, Plaintiff believes his employer should have been more understanding regarding his traffic delays and family obligations affecting his ability to perform the tests at the desired location during the desired times. But there is no cause of action for lack of compassion or understanding. New Bern enforced the random test that it gave its employee two chances to take.

5

Plaintiff pled. Thus, Plaintiff has not plausibly pled that New Bern violated 49 C.F.R. § 382.705(e) by providing false information and cannot rest his negligence claim on a breach of its regulatory duty.

### B. Defamation

Count Two alleges defamation. To state a claim for defamation under Maryland law, a plaintiff must sufficiently allege "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting to at least negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Rabinowitz v. Oates*, 955 F. Supp. 485, 488 (D. Md. 1996) (citing *De Leon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1236 (4th Cir. 1989)). Even assuming that Plaintiff had otherwise pled all of the other elements of defamation, his claim rests on representations that New Bern made to its own employees about Plaintiff's termination. *See* ECF 14 ¶ 37 ("Defendant falsely informed employees of New Bern that Plaintiff refused to take a drug take [sic], which resulted in his termination."). There is a conditional privilege for such statements. *See Bagwell v. Peninsula Reg'l Med. Ctr.*, 665 A.2d 297, 317 (Md. Ct. Spec. App. 1985) (finding that communications by an employer to other employees about an employee's discharge "were protected by the common law privilege extending to communications between an employer and an employee").

The conditional privilege is conditioned upon the absence of malice, meaning that it can be forfeited if the plaintiff shows the defendant's "knowledge of falsity or reckless disregard for truth." *Marchesi v. Franchino*, 387 A.2d 1129, 1133 (Md. 1978). Plaintiff does allege that New Bern, and specifically his supervisor, Karl Bossler, knew Plaintiff took a different drug test at the Baltimore Concentra because he called Bossler after taking the test and he delivered the chain of custody to Bossler. ECF 14 ¶¶ 14, 16. Plaintiff later conclusively alleges that "[t]he Defendant"

falsely told its employees "that the Plaintiff refused to take a drug" test. *Id.* ¶ 37. The Amended Complaint does not support an inference of New Bern's "knowledge of falsity" because it fails to connect Bossler's knowledge about Plaintiff's drug test with New Bern's subsequent communications to its employees. As pled, therefore, the Amended Complaint cannot overcome the conditional privilege protecting employer-employee communications.

Additionally, the Amended Complaint does not plausibly allege the other elements of a defamation claim. As noted above, the statement that Plaintiff "refused to take a drug test" is technically accurate, despite the fact that he took two other drug tests on the same date. No false statement is therefore plausibly alleged, and certainly not one amounting to malice sufficient to overcome conditional privilege. *See Spengler v. Sears, Roebuck & Co.*, 878 A.2d 628, 640 (Md. 2005) ("Indeed, if a plaintiff cannot prove the falsity of a particular statement, the statement will not support an action for defamation."). More importantly, the Amended Complaint fails to allege facts suggesting that Plaintiff suffered any special harm from the allegedly defamatory statement made to his co-workers. His conclusory assertion that he "suffered harm" is insufficient to put New Bern on notice of the damages that Plaintiff asserts resulted from the communication. ECF 14 ¶ 42. In light of those deficiencies, his defamation claim must be dismissed.

### C. False Light Invasion of Privacy

In Maryland, a plaintiff seeking to assert a claim for false light invasion of privacy must allege facts showing "(1) that the defendant gave publicity to a matter that places the plaintiff before the public in a false light; (2) that a reasonable person would find that the false light in which the other person was placed highly offensive to a reasonable person; and (3) that the defendant had knowledge of or acted with reckless disregard as to the falsity of the publicized matter and the false light in which the defendant placed the plaintiff." *Mazer v. Safeway Inc.*, 398

F. Supp. 2d 412, 431 (D. Md. 2005) (citing *Bagwell*, 665 A.2d at 318). In Maryland, "[a]n allegation of false light must meet the same legal standards as an allegation of defamation." *Piscatelli v. Van Smith*, 35 A.3d 1140, 1146–47 (Md. 2012). Specifically, the allegedly false or defamatory statement must tend to expose a person to "public scorn, hatred, contempt, or ridicule" and must be "not substantially correct." *Id.* at 1147 (citations omitted). Here, as described above, the statement that Plaintiff "refused to take a drug test" is substantially correct, even under the facts Plaintiff alleges.

This count also fails because the Amended Complaint simply alleges that Defendant publicized Plaintiff's failure to take "a drug test" to "several members of its staff." ECF 14 ¶ 44. To constitute false light invasion of privacy, the "disclosure . . . must be sufficiently broad that the fact becomes one of public knowledge. Concomitantly, it is not an invasion of privacy to communicate a fact about someone's private life to a single person or even to a small group of people." *Henderson v. Claire's Stores, Inc.,* 607 F. Supp. 2d 725, 733 (D. Md. 2009) (citations omitted); *see also Mazer*, 398 F. Supp. 2d at 431–32 (granting summary judgment on the basis that a small group of people does not qualify as "the public" as required for the first element of a false light invasion of privacy claim). The claim requires "publicity." *Wimbush v. Kaiser Found. Health Plan of the Mid Atlantic States, Inc.*, 14-CV-525, 2015 WL 2090654, at *10 (D. Md. May 5, 2015). Private or misleading facts must be communicated "to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Cambridge Title Co. v. Transamerica Title Ins. Co.*, 817 F. Supp. 1263, 1278 (D. Md. 1992) (quoting Restatement (Second) of Torts § 652D, cmt. a (Am. L. Inst. 1977)); *see also Linden v. McCreer*, 165 A.3d 544, 558 (Md. Ct. Spec. App. 2017) (holding statements made to a manager and several coworkers did not constitute "publicity"); *Henderson,* 607 F. Supp. 2d at 733 (holding that a cashier's accusations that plaintiff was shoplifting, made in the presence of

a small group of people, were not publicized). Plaintiff's allegation that the information was disseminated to "several members of [New Bern's] staff" does not amount to placing him in a false light before the public, and his claim therefore fails.

### D. Constructive Fraud

In Count Four, Plaintiff asserts constructive fraud, which is a "breach of a legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests." *Maryland Env't Tr. v. Gaynor*, 803 A.2d 512, 517 (Md. 2002) (quoting *Ellerin v. Fairfax Sav., F.S.B.*, 652 A.2d 1117, 1126 n.11 (Md. 1995)); *see also Nirala v. Adhali*, No. 18-CV-03330, 2019 WL 3457661, at *5 (D. Md. July 31, 2019) (noting that constructive fraud requires proof "that the defendant breached a legal or equitable duty by deception or by violating a confidence" (quoting *Chassels v. Krepps*, 174 A.3d 896, 904 (2017))).

Here, there is no such breach of duty. As with his negligence claim, Plaintiff alleges that a federal regulation, 49 C.F.R. §§ 382.723, 382.727 imposes civil and criminal liability for submitting false information to the FMSCA Clearinghouse. But the information New Bern submitted was neither false nor deceptive, even assuming the truth of all the facts alleged by Plaintiff. To the extent Plaintiff suggests that New Bern should also have told the Clearinghouse that he took two other drug tests on the same date to provide a more comprehensive version of the events, nothing in the C.F.R. regulations establishes that duty. Accordingly, then, the absence of facts plausibly establishing the breach of any duty owed to Plaintiff defeats his constructive fraud claim.

## IV.   CONCLUSION

For the reasons set forth above, New Bern's Motion to Dismiss, ECF 18, will be GRANTED and the claims in the Amended Complaint are dismissed without prejudice. This case will be closed. A separate Order follows.


Dated: November 21, 2023                               /s/
                                            Stephanie A. Gallagher
                                            United States District Judge